# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA** )

**v.** )

                                 2:01-CR-205-LSC-PWG

**CLARK DERRICK DAWSON** )

## MEMORANDUM OF OPINION REGARDING ORDER GRANTING
## MOTION FOR REDUCTION OF SENTENCE

The movant, acting by and through counsel, filed the above-styled motion (Doc. #36), on April 11, 2008, in case #2:01-CR-205-LSC-PWG,[1] asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007, and made retroactive by USSG §1B1.10, effective March 3, 2008.[2] For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **GRANTED**, and a separate order to that effect will be entered.[3]

---

[1] Although the movant was charged with possession with intent to distribute heroin, the guideline calculation included relevant conduct which involved distribution of crack cocaine. Therefore, the motion is appropriate, and the court can consider the movant's motion.

[2] Although the defendant's motion refers to the crack amendment as "Amendment Nine," it was, in fact, Amendment # 706 when adopted by the U.S.S.C, and was made retroactive by Amendment # 709. He also requests a reduction in sentence based on Amendment Twelve. That amendment became Amendment # 709 when adopted by the U.S.S.C., but was not made retroactive and has no application to this case.

[3] Although movant has not filed a motion for reduction of sentence in related case # 2:00-CR-477-IPJ-PWG, that court is proceeding *sua sponte* with a reduction in that case as well. In the process of examining the merits of applying the crack amendment to the facts of 2:00-CR-477-IPJ-PWG, the court became aware that the government had not filed a Rule 35 in that case. Without such a motion, the movant remained subject to the mandatory minimum penalty of 120 months, the

The movant argues in his motion that the court should rely on *United States v. Booker*, 125 S.Ct 738(2005) and *Kimbrough v. United States*, 128 S.Ct. 558(2007). This court is aware that there is currently much debate about whether the advisory nature of the sentencing guidelines announced in *Booker,* and extended in *Kimbrough,* should be applied retroactively to movant who was sentenced in both cases prior to 2005.[4] Since, however, the controlling case law in the Eleventh Circuit is that *Booker* and its progeny do not have retroactive application, that portion of movant's motion is denied.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

---

result being he would not have received any benefit from the reduction in sentence in the instant case (2:01-CR-205-LSC-PWG). The court, after receiving notice of this matter from the U.S. Probation Office, brought this to the attention of the government. As a result, the government filed a Rule 35 motion for reduction of sentence (doc. # 40) in 2:00-CR-477-IPJ-PWG, which that court granted on May 8, 2008 (doc. # 41).

[4]The sentences were reduced pursuant to the Rule 35 motions, however, subsequent to the January 2005 *Booker* decision. Just as with a reduction of sentence pursuant to 18 U.S.C. §3582(c), the court was not required to have movant present and was not required to apply *Booker* and *Kimbrough* in ruling on the Rule 35 motions since these cases do not apply retroactively or in post-conviction proceedings. See Fed. R. Crim. Proc. 43; *Varela v. United States*, 400 F.3d 864911th cir. 2005); and *United States v. Moore*, 136 Fed. Appx. 284( 11th Cir. 2005).

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[5]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.  The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #36) of Clark Derrick Dawson to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 118-months sentence, the result of the Rule 35 motion filed by the government.

The following chart sets forth the application of the crack amendment to  the instant case:

---

[5] At this point, the crack amendment had no retroactive application.

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 97 + 60 = 157 months |  |
| **Departure** | N/A | N/A |
| **Sentence Imposed** | 157 months |  |
| **Rule 35(b)/Remand** | 118 months | 103 months |
| **Designated Institution** | FCI Talladega |  |
| **Institutional Adjustment** | Movant declined to participate in RDAP in 2002 |  |
| **Projected Release Date** | 3-21-2010 | **January 2009** |

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of movant. A separate order reducing the movant's sentence to 103 months will be entered.

Done this 13<u>th</u> day of <u>May 2008</u>.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
124019

### NOTICE CONCERNING APPEALS

  A § 3582(c) motion is considered a continuation of the criminal proceeding.  A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at a trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed.  The Clerk is **DIRECTED** to provide the movant with an application to proceed *in forma pauperis*.